# DISTRICT OF COLUMBIA *v.* DEAN.

STATUTES; PUBLIC SCHOOLS; BOARD OF EDUCATION; REASONABLENESS OF REGULATIONS.

1. The tenor of the legislation by Congress relating to the public schools of the District of Columbia looks to permanency in the teaching force. The welfare of the schools as a matter of public policy demands such action both by Congress and the board of education.

2. The administrative power of the board of education of the District of Columbia extends, broadly speaking, to all matters affecting the welfare of the public schools of the District of Columbia; and where the matter is not covered by statute, it may be by a reasonable regulation of the board.

3. A regulation of the board of education of the District of Columbia is reasonable, which grants a teacher full salary during absence from duty because of sickness for thirty days; and provides for the employment during such absence of a substitute to be paid by the teacher; and a teacher so absent and who has paid a substitute has

a right to her full salary which has accrued during such absence. (Citing *United States ex rel. Nalle* v. *Hoover,* 31 App. D. C. 311.)

No. 2302.   Submitted December 4, 1911.   Decided February 5, 1912.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, upon an agreed statement of facts, in an action to recover salary alleged to be due to the plaintiff as a public school teacher.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the judgment of the supreme court of the District of Columbia in favor of appellee, Mildred. Dean, plaintiff below.   Plaintiff is a teacher in the public schools of the District of Columbia.   The suit was for the recovery of her salary alleged to be due for a part of the month of December, 1910.   The case was tried upon the declaration, plea of nonassumpsit, and an agreed statement of facts.   Judgment was entered for plaintiff for the sum of $113.99.

It appears that plaintiff taught from the 1st to the 10th of December, 1910, when, on account of illness, she was absent for the remainder of the month.   Under a regulation of the board of education, a teacher absent from duty was required to provide a substitute, to be selected from an eligible list, approved by the board, and the teacher was required to pay the substitute the *per diem* provided for such substitute, in this instance $2 per day.   The substitute taught nine days, the remaining school days in the month, for which she was paid by plaintiff.

By the act of Congress of May 26, 1908 (35 Stat. at L. 291, chap. 198), the annual salaries of teachers begin September 1st, and are divided into ten equal instalments, no part of the salary being paid during the months of July and August.   Plaintiff's salary at the time in question was $1,800 per annum, divided into ten monthly instalments of $180 each.   Plaintiff's salary was paid for the first eleven days of

December at the rate of $6 per day. Her salary for the balance of the month was disallowed, being the amount here involved.

The employment of a substitute was authorized under the following regulation of the board of education: "No employee of the public schools shall be absent from duty except as herein provided; and in case of the absence of teachers, engineers, assistant engineers, janitors, or caretakers because of sickness, the presence of contagious disease in the home, or pressing emergency, notice shall · be forthwith communicated to the next highest authority, who shall promptly provide a substitute to be selected from an eligible list to be recommended by the superintendent of public schools and approved by the board of education: Provided, That in the absence of such list the most available person shall be selected, and if no such person is available the duties of the absent employee shall be performed by any competent employee of the public school not otherwise engaged in the performance of duty; * * * that in the case of the employment of a substitute the teacher of the public school system shall pay the substitute, through the supervising officer, at the following rates for each day of actual service." The regulation then fixes the compensation to be paid substitutes in the various grades. It also provides: "Should · the temporary absence of an employee because of sickness extend beyond a perior of thirty school days, the supervising officer shall, after investigation, immediately report in writing to the · secretary of the board of education, on approved forms, the absence and condition of the employee, and at the absence of sixty school days the employee, if unable to resume his duties, shall be granted a leave of absence, without pay, to extend until said employee is in condition to resume his duties, and an appointment shall be made to the position so vacated, with a tenure of office to extend only until the expiration of said leave of absence: Provided, That when the regular employee is in condition to resume his work he shall be appointed to his regular position, unless otherwise ordered by the board of education."

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant.

*Mr. A. S. Worthington* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is conceded by counsel for the District that the employment of the substitute was lawful. But it is contended that it was beyond the power of the board to provide by regulation for the continuance of the salary of the teacher during absence on account of sickness. It will be observed that the regulation only grants a teacher full pay for thirty days. At the expiration of that period an investigation is provided to determine whether the time shall be extended. By the act of 1906, the management and control of the schools of the District was vested in "a board of education to consist of nine members." Section 2 of the act, relating to the powers of the board, after vesting in it the control of the schools, provides: "The board shall determine all questions of general policy relating to the schools, shall appoint the executive officers hereinafter provided for, define their duties, and direct expenditures. All expenditures of public funds for such school purposes shall be made and accounted for as now provided by law under the direction and control of the commissioners of the District of Columbia. The board shall appoint all teachers in the manner hereinafter prescribed, and all other employees provided for in this act." [34 Stat. at L. 317, chap. 3446.] Section 4 specifically fixes the salaries to be paid teachers of the respective grades. Nowhere in the act, however, is there any authority to deduct any part of a teacher's compensation during the period of her employment.

The whole case, therefore, turns upon the reasonableness of the regulation of the board. The tenor of the legislation relating to the schools of the District looks to permanency in the teaching force. The welfare of the schools as a matter of policy demands such action, both by Congress and the board.

The regulation as to the absence of teachers on account of illness, and to substitutes, is the logical response to a public necessity. The regulation is well guarded in that it in no event permits absence on full pay, less the payment of a substitute, for more than sixty days. Even then the regulation, recognizing the salutary policy of the law, looks to the retention of the disabled teacher in that it provides only for the appointment of a teacher temporarily until such time as the regular teacher can resume his or her duties.

We think the regulation was not only reasonable, but that the board in making it acted within its legal power. We said in *United States ex rel. Nalle* v. *Hoover,* 31 App. D. C. 311, 320: "Public policy demands that, in the management and control of the public schools, final administrative authority shall be somewhere vested. Here, it is vested in the board of education of the District. It is not the duty or prerogative of the courts to interfere   *   *   *   with the board in the exercise of its discretion in matters pertaining to the control and management of the public schools of the District, unless there is such a gross abuse of discretion as amounts to a total lack of authority to act." Broad power was given the board, investing it with authority to "determine all questions of general policy relating to the schools." As we have intimated, the question here presented is not so much one of dollars and cents as one relating to the general policy and welfare of the schools. It may be said that the administrative power of the board of education extends, broadly speaking, to all matters affecting the welfare of the public schools, and where the question is not covered by statute it may be by a reasonable regulation of the board.

We have been referred to an opinion by the Comptroller of the Treasury holding that a teacher could not farm out her office to a substitute, and draw her salary indefinitely, by the mere paying of the compensation of the substitute. A regulation that would permit such conduct would be neither reasonable nor consonant with the welfare of the schools, and has, therefore, no application to a carefully restricted regulation,

such as the one before us.   The judgment is affirmed with costs,
and it is so ordered.                                    *Affirmed.*